HENDRY, Judge.
Petitioner, a recipient of Aid to Families with Dependent Children (A.F.D.C.), received a notice in January, 1975, from Respondent, State of Florida, Department of Health and Rehabilitative Services, Division of Social and Economic Services (D.S.E.S.), stating that her A.F.D.C. benefits would be cancelled in February, 1975. Petitioner requested an administrative hearing to challenge this termination. The hearing, before the hearing officer, was held on May 21, 1975. Petitioner received a favorable decision which was issued on August 21, 1975, as amended by the hearing officer’s statement dated June 11,1976, submitted to this court. Despite this favorable decision, respondent refused to pay petitioner the benefits authorized by the hearing officer’s decision, as amended. On January 26, 1976, more than five months after his original decision dated August 21, 1975, the hearing officer issued a revised decision dated January 26,1976, reversing his original determination in favor of petitioner.
Petitioner originally brought this petition for writ of certiorari to review the revised decision of the hearing officer. In her petition, petitioner argued that (1) it was error for the hearing officer to reopen and modify the final decision dated August 21, 1975, which was binding on the parties, and (2) that the revised decision entered by the hearing officer dated January 26, 1976, should be reversed because it was not based upon competent substantial evidence.
Since the filing of her petition, respondent replied in its brief and agreed with the conclusions of petitioner, set forth in her brief, that the decision of August 21, 1975, was a final decision, that respondent did not exercise its right to appeal this decision and the time for such appeal has expired, and that this court should reverse the January 26, 1976, decision and then order that the original decision be reinstated.
Respondent’s replies in its brief would seem to moot the questions raised in this petition, except for the fact that respondent goes on to argue in its brief that petitioner is not entitled to the relief requested and, in the alternative, that the decision of August 21, 1975, was void because of the lack of jurisdiction in the hearing officer to hear the original appeal, because petitioner failed to give timely notice of appeal to respondent of the termination of her A.F. D.C. grant.
Petitioner in her reply brief responds to the points raised by respondent in its brief and argues that (1) this court has jurisdiction to hear the matter, (2) a writ of mandamus or certiorari should issue to compel respondent to comply with the August 21, 1975, decision of the hearing officer, as amended by his statement to this court dated June 11, 1975, (3) that respondent acted illegally by ignoring the hearing officer’s decision, and (4) there are no questions, as to the jurisdiction of the hearing officer to hear petitioner’s appeal, properly before this court.
We have carefully reviewed the file in this matter, including the extensive briefs of the parties, and, after hearing oral argument, have concluded that, in the light of the prevailing principles of law, the August 21, 1975, decision of the hearing officer, as amended by his statement to this court *266 dated June 11, 1976, should be reinstated with prejudice to respondent. Further, we have decided that, based on the particular facts of this case, no useful purpose would be served in our discussing the individual points raised by petitioner and respondent.
Certiorari granted with directions.